[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11143

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-22693-PCH

MIGUEL ANGEL SANCHEZ OSORIO,
JUAN EVENOR TERCERO PRADO,
VICTORINO RODRIGUEZ,
FELIX PEDRO HERNANDEZ ESTRADA,
LUCIO HERNANDEZ LAINEZ,
MARIANO DE JESUS MALTA NAVARRO,
APOLONIO MARIANO MEJIA,
AMBROSIO ARISTIDES ZAVALA,
ISABEL DE ANGELES ESPINOZA ARAICA,
NATIVIDAD GOMEZ, et al.,

Plaintiffs - Appellants,

versus

DOW CHEMICAL COMPANY,
OCCIDENTAL CHEMICAL CORPORATION,
a New York Corporation,
DOLE FOOD COMPANY, INC.,
SHELL OIL COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 25, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This appeal concerns the enforceability, under Florida law, of an over-$97 million judgment a Nicaraguan court awarded 150 Nicaraguan agricultural workers, the plaintiffs here, against Dow Chemical Company ("Dow") to Dole Food Company, Inc. ("Dole"), the defendants. The judgment compensated these workers for the physical and psychological injuries they purportedly sustained from exposure to a pesticide, dibromocholoropropane, Dow supplied and Dole used on its banana plantations.

The plaintiffs seek enforcement of the Nicaraguan judgment under the Florida Uniform Out-of-country Foreign Money-Judgments Recognition Act, Fla. Stat. §§ 55.601–55.607 (the "Florida Recognition Act" or "Act").[1] The Florida Recognition Act states that "any out-of-country foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is

_____

[1] The district court has subject matter jurisdiction under 28 U.S.C. § 1332.

2

pending or is subject to appeal," id. § 55.603, "is conclusive between the parties to the extent that it grants or denies recovery of a sum of money," id. § 55.604. The Act, however, provides three mandatory and eight discretionary grounds on which a foreign judgment is not entitled to recognition. See id. § 55.605 (presenting the various grounds for nonrecognition under the Act).

The district court, in Osorio v. Dole Food Co., 665 F. Supp. 2d 1307 (S.D. Fla. 2009), invoked four independent grounds for nonrecognition under the Act to deny recognition of the Nicaraguan judgment and dismissed the plaintiffs' complaint. First, the district court ruled that it could not enforce the Nicaraguan judgment under Florida law because the Nicaraguan court lacked subject matter jurisdiction and/or personal jurisdiction over the defendants. See Fla. Stat. § 55.605(1)(b)–(c) ("(1) An out-of-country foreign judgment is not conclusive if: (b) The foreign court did not have personal jurisdiction over the defendant [or] (c) The foreign court did not have jurisdiction over the subject matter."). Second, the district court concluded that the foreign judgment could not be recognized in Florida because the judgment was "rendered under a system which does not provide . . . procedures compatible with the requirements of due process of law." Id. § 55.605(1)(a). Third, the district court found that the Nicaraguan judgment could not be recognized under Florida law because doing so would be repugnant

to Florida public policy. See id. § 55.605(2)(c) ("(2) An out-of-country foreign judgment need not be recognized if: (c) The cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state."). Finally, the district court ruled the Nicaraguan judgment unenforceable because it "was rendered under a system which does not provide impartial tribunals." Id. § 55.605(1)(a). The plaintiffs appealed.

Based on the first three grounds enumerated in the district court's dispositive order, we agree that the Nicaraguan judgment is not due recognition and enforcement under the Florida Recognition Act. We therefore affirm the district court's judgment; however, we do not address the broader issue of whether Nicaragua as a whole "does not provide impartial tribunals" and decline to adopt the district court's holding on that question. We also point out that nothing in the affirmed rulings is to play a collateral estoppel role in a subsequent court's litigation of the merits of the plaintiffs' personal injury claims.

AFFIRMED.